**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1914**

———————

HA SIM,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.  (A95-485-847)

———————

Submitted:  January 26, 2007        Decided:  February 16, 2007

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Ha Sim, Petitioner Pro Se.  James Arthur Hunolt, M. Jocelyn Lopez Wright, Tracey Wood, Mona Maria Yousif, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ha Sim, a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's denial of his requests for asylum and withholding of removal. We have reviewed the administrative record and the Board's decision and find that substantial evidence supports the ruling that Sim failed to establish past persecution or a well-founded fear of future persecution, as necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same). Moreover, as Sim cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

Although Sim did not present an argument concerning the denial of protection under the Convention Against Torture to the Board, the Board found that the record provided no basis for finding that Sim demonstrated eligibility for protection under the Convention. Even assuming we have jurisdiction to consider this

claim, <u>see</u> 8 U.S.C. § 1252(d)(1) (2000); <u>Gandziami-Mickhou v. Gonzales</u>, 445 F.3d 351, 359 n.2 (4th Cir. 2006) (citing <u>Asika v. Ashcroft</u>, 362 F.3d 264, 267 n.3 (4th Cir. 2004)), we agree with the Board as to its merits.

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>